IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER LA GATTA          §
                        §
        Petitioner,     §
                        §
VS.                     §
                        §   NO. 3-07-CV-1519-P
DAVID BERKEBILE, Warden §
FCI Seagoville          §
                        §
        Respondent.     §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Peter La Gatta, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

Petitioner was sentenced to 253 months in prison on federal drug and conspiracy charges. Since his incarceration in 1994, petitioner has been awarded a total of 864 days of good conduct time, calculated at the rate of 54 days per year, based upon actual time served. This makes his projected release date September 20, 2009. (*See* Resp. App. at 9, 11). However, petitioner maintains that good conduct time for offenders who, like himself, are sentenced under the Sentencing Reform Act of 1984 ("SRA"), should be calculated based on the length of the sentence imposed. Using his proposed method of calculation, petitioner contends that he is entitled to an additional 163 days of good conduct time credits. Petitioner further argues that the BOP failed to comply with the requirements of the Administrative Procedures Act ("APA") by changing the method of computing sentence credits without providing adequate notice or an opportunity for public comment. After

exhausting his administrative remedies through the BOP dispute resolution system, petitioner filed this action in federal district court.

## II.

The statutory authority for awarding good conduct time to federal prisoners is set forth in 18 U.S.C. § 3624(b). This statute provides, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). Under regulations promulgated by the BOP, an inmate's projected release date is advanced upon the completion of each year of imprisonment by the number of days of good conduct time that the inmate receives for that year. *See* 28 C.F.R. § 523.20(a). BOP Program Statement 5880.28 makes clear that good conduct time "*is not* awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served." BOP P.S. 5880.28 (emphasis in original). The Fifth Circuit has upheld this method of calculating good conduct time as consistent with the terms of section 3624(b). *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 186 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1906 (2006).

Notwithstanding BOP policy and Fifth Circuit precedent, petitioner contends that good conduct time should be calculated based on the actual length of his sentence rather than time served. In support of this argument, petitioner relies on BOP Program Statement 5100.07, which provides the following example for estimating the number of months an inmate is expected to be incarcerated:

> MONTHS TO RELEASE: This item shall reflect the estimated number of months the inmate is expected to be incarcerated. . . . Based on the inmate's sentence(s), enter the total number of months remaining, less 15% (for sentences over 12 months), and credit for any jail time served. This item is not figured into the security point total but impacts the Sentence Length PSF.
>
> Example 1: An adult convicted of Breaking and Entering under the SRA provisions and is sentenced to eight years. The expected length of incarceration is (96 x 85% = 81.6). Round to the nearest whole number to get 82 and subtract any jail time credit (180 days) = 76 months to release.

BOP P.S. 5100.07. As respondent correctly points out, the purpose of this program statement, which is entitled Inmate Security Designation and Custody Classification, is to assist prison officials in classifying inmates for security purposes. The program statement does not apply to the calculation of good conduct time. *See Perez v. Lindsay*, No. 1:CV-05-2045, 2006 WL 2882966 at *2-3 (M.D. Pa. Oct. 6, 2006) (holding that PS 5100.08 and its predecessor, PS 5100.07, are unrelated to the calculation of good conduct time).

To the extent petitioner relies on the rule of lenity to obtain a more favorable calculation of good conduct time credits, his reliance is misplaced. The rule of lenity holds that "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971). Assuming that 18 U.S.C. § 3624 is a criminal statute in whose context the rule is properly invoked,[1] the Fifth Circuit has held that the statute is not ambiguous. *Moreland*, 431 F.3d at 186 ("section 3624(b)(1) unambiguously directs how good-conduct credits are to be calculated and applied, which is up to 54 days 'at *the end* of each

---

[1] At least one circuit court has determined that the rule of lenity does not apply because section 3624 is administrative, not criminal, in nature. *Sash v. Zenk*, 428 F.3d 132, 134-36 (2d Cir. 2005), *cert. denied*, 127 S.Ct. 277 (2006); *see also Perez-Olivo v. Chavez*, 394 F.3d 45, 53 (1st Cir. 2005) (expressing doubt whether federal good conduct time law is a criminal statute that invokes the rule of lenity).

*year* of the prisoner's term of imprisonment, beginning at *the end* of the first *year* of the term'") (emphasis in original). The rule of lenity is not applicable under these circumstances.

III.

Petitioner further argues that federal prison authorities violated the APA by changing the method of computing good conduct time credits without providing adequate notice or an opportunity for public comment. According to petitioner, the BOP failed to meet the notice and comment requirements of the APA when it rescinded Program Statement 5100.07 and replaced it with Program Statement 5100.08, which contains nearly identical language for estimating the number of months an inmate is expected to be incarcerated.[2] (*See* Pet. Reply at 3). However, the Supreme Court has described BOP program statements as "internal agency guidelines" that, unlike BOP regulations, are not subject to "the rigors of the Administrative Procedures Act." *Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995). Because the APA does not apply to the program statements at issue, this ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Program Statement 5100.07 was rescinded by the BOP on September 12, 2006.

DATED: February 6, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE